DISTRICT COURT OF GUAM

ALI PARTOVI,

    Plaintiff,

vs.

JOSEPH P. GALOSKI and
VIDA A. LEON GUERRERO,

    Defendants.

Civil Case No. No. 09-00011

**ORDER RE: REQUEST FOR COUNSEL**

This matter comes before the court on the Request for Counsel filed by the Plaintiff Ali Partovi, on May 4, 2010. *See* Docket No. 15, Request for Counsel. The Plaintiff asks the court to appoint counsel to represent him in this case. The Defendants Officer in Charge Joseph P. Galoski and Supervisory Detention and Departation Officer Vida A. Leon Guerrero of Immigration and Customs Enforcement (collectively, "the Defendants") oppose the motion. *See* Docket No. 15, Answer and Affirmative Defenses. The Defendants contend that the action is barred by *res judicata* and the applicable statute of limitations. *See* Docket No. 15, Answer and Affirmative Defenses.

The case arises from a civil rights and *Bivens* suit filed by the Plaintiff, claiming violations of due process under the 4th, 5th, 6th, and 14th Amendments; as well as under § 1983 and Public Law 99-603 § 115 and other federal laws.[1] *See* Docket No. 1. He now requests the court appoint counsel to assist him.

---

[1] The Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (stating that "§ 1983 provides no cause of action against federal agents acting under color of federal law"). Similarly inapplicable is his citation to 42 U.S.C. § 1789, which is "Department of Defense overseas dependents' schools."

**A.    Authority for appointing counsel**

The Plaintiff argues that 18 U.S.C. § 3006A(2)(B) authorizes the court to appoint counsel if the interests of justice require. *See* Docket No. 19. This provision states: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(2)(B). As stated above, the Plaintiff's action is not grounded in 28 U.S.C. § 2241, § 2254, or § 2255. Thus, his reliance of § 3006A(2)(B) is misplaced.

Although § 3006A(2)(B) is inapplicable, the court recognizes that counsel may also be appointed pursuant to 18 U.S.C. § 1915 (e) (1), which states: "The court may request an attorney to represent any person unable to afford counsel." An appointment pursuant to this provision is discretionary. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez.*, 560 F.3d 965, 970 (9th Cir. 2009). Moreover, an appointment of counsel in a civil case requires a court to find that "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).[2] "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel . . . ." *Wilborn*, 789 F.2d at 1331. Upon examination of each factor, the court finds that the Plaintiff has not shown the existence of exceptional circumstances to warrant appointment of counsel. *See id.*

**1.    No likelihood of success on the merits**

Review of the record reveals that there is no likelihood of success on the merits, because the instant case is barred by *res judicata* and the statute of limitations.

///

---

[2] The Ninth Circuit in *Terrell* interpreted § 1915(d), which was in effect at the time of the case. At the time, this provision stated: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

*Partovi v. Galoski*, Civil Case No. 09-00011
Order re: Request for Counsel

### a. Res judicata

The Plaintiff's Complaint alleges that his constitutional rights have been violated because he was denied access to a law library, mailbox or legal mailbox while he was in "U.S. Immigration custody between the period October 22, 2001 to March 12, 2003." Docket No. 12-1, Complaint. This identical claim, against these identical defendants, was raised unsuccessfully by the Plaintiff in a prior action in the U.S. District Court for the District of Arizona, No. CV04-1490 ("the Arizona action"). *See* Docket No. 15.

The Ninth Circuit has stated:

> The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' The application of this doctrine is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.' Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'

*In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). "*Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir.2002). All three factors have been satisfied here.

First, the claims made by the Plaintiff in the Arizona action and in the instant case "arise from 'the same transactional nucleus of facts." *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Both the Arizona action and his Complaint here arise from the his claim that he did not have access to a law library, mailbox, or legal mailbox while in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement in Guam. *See* Docket No. 15-1, Memorandum and Order, No. CV04-1490; Docket No. 12-1, Complaint.

Second, there was a final judgment on the merits in the Arizona action. In the Memorandum and Order issued by that court on July 5, 2005, the Arizona district court held:

> Plaintiff's claims against Defendants in their official capacities is barred by the doctrine of sovereign immunity and therefore, the claims must be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

> Plaintiff's claims against Defendants in their individual capacities must be dismissed without prejudice because Plaintiff has failed to allege any specific act by each individual defendant which violated Plaintiff's constitutional right to access the courts and resulted in a cognizaqble [sic] injury.

Docket No. 15-1, Memorandum and Order in No. CV04-1490. The court takes judicial notice that in the Arizona action, Judgment was entered against the Plaintiff on July 7, 2005, and furthermore, his subsequent appeal to the Ninth Circuit was dismissed on February 12, 2007. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (stating that a court may take judicial notice of matters of public record pursuant to Fed. R Evid. 201).

Third, as noted above, the parties in the Arizona action and in the instant case are identical. Therefore, this action is barred by *res judicata*.

### b. Statute of limitations

The court also finds that the instant action is time-barred, as it was filed beyond Guam's two-year statue limitations. *See* 7 G.C.A. § 11306. Federal courts apply the forum state's statute of limitations for personal injury claims to actions pursuant to § 1983 and *Bivens*. *See W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). "Under federal law, 'the limitations period accrues when a party knows or has reason to know of the injury' which is the basis of the cause of action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (quoting *Golden Gate Hotel Ass'n v. San Francisco*, 18 F.3d 1482, 1485 (9th Cir. 1994)).

The Plaintiff asserts he was denied access to a law library, mailbox and legal mailbox when he was in "U.S. Immigration custody between the period October 22, 2001 to March 12, 2003." Docket No. 12-1, Complaint. Thus, even taking the latest applicable date for accrual (March 12, 2003), it is undisputed that the two-year period has long since expired. Therefore, this action is barred by the statute of limitations.

### 2. Complexity of the issues

The second factor requires evaluation of the Plaintiff's ability to articulate his claims in light of the complexity of the issues raised. The Plaintiff contends that he needs an attorney to assist him,

as he does not have access to facts of his case which are contained in Immigration and Customs Enforcement administrative files. This rationale was rejected by the Ninth Circuit, which stated: "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn* 789 F.2d at 1331. On the basis of his prior pro se cases in Arizona, and his filings in this case, the Plaintiff is able to articulate his arguments. Moreover, the court is not persuaded by Plaintiff's argument that resolving his claim will require interpreting the Immigration and Nationality Act and an evidentiary hearing.

**B.  Conclusion**

The court concludes that there is no likelihood of success on the merits, and that the Plaintiff has the ability to articulate his claims pro se in light of the complexity of the legal issues involved. According, the court finds that the Plaintiff has not demonstrated exceptional circumstances to warrant the appointment of counsel pursuant to § 1915(e)(1). Therefore, his Request for Counsel is **DENIED.** Furthermore, because this action is barred by *res judicata* and the relevant statute of limitations, the case is **DISMISSED.**

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Sep 09, 2010**